UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Camellia Labarr | : | |
| c/o Piontek Law Office | : | |
| 58 East Front Street | : | 21-3853 |
| Danville, PA  17821 | : | |
|     Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| Phoenix Financial Services, LLC | : | |
| 8902 Otis Avenue | : | |
| Indianapolis, IN 46216- | : | |
|     Defendant | : | |

# COMPLAINT

1. This is an action brought by an individual consumer for Defendant(s)'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff is Camellia Labarr an adult individual, resident of Philadelphia, Pennsylvania with a mailing address of for purposes of this litigation of c/o Piontek Law Office, 58 East Front Street, Danville, PA. 17821.

3. Defendant is Phoenix Financial Services, LLC., a business entity with a principal place of business located at 8902 Otis Avenue, Indianapolis, IN  46216.

4. Defendant regularly conducts business in this jurisdiction, and avails itself of the benefits of this jurisdiction.

5. Plaintiff is a key witness and is located in this jurisdiction.

6. Upon information and belief, similarly situated consumers who may be witnesses in this case are located in this jurisdiction.

7. A substantial portion of the transaction(s), occurrence(s), act(s) or omission(s) took place in this jurisdiction.

8. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

### COUNT ONE:  Violation of Fair Debt Collection Practices Act (FDCPA)
### (15 USC 1692c et. seq.)
### Unauthorized Disclosure to Third party Letter Vendor

10. The Previous Paragraphs of this complaint are incorporated by reference.

11. Plaintiff is a natural person who at all relevant times resided in Pennsylvania.

12. At all times mentioned in this complaint Defendant was attempting to collect a consumer debt from Plaintiff which was primarily for Plaintiff's personal family and household purposes.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is a debt collector as defined by 15 USC 1692a of the FDCPA.

15. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16. At the time Defendant attempted to collect the Debt from Plaintiff, the Debt was alleged to be in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. Prior to the commencement of this lawsuit, Plaintiff had a consumer account for a medical bill.

19. Said account was a consumer account which was used for Plaintiff's personal and household purposes.

20. Said account was later determined to be in default by the medical car provider.

21. Shortly after the medical care provider determined that the account was in default they contracted with Defendant to service the account as a debt collector as defined by 15 USC 1692a of the FDCPA.

22. Prior to the commencement of this action, Defendant caused written communication(s) to be sent to Plaintiff in connection with the collection of the account.

23. Upon information and belief the letter was generated by a letter vendor.

24. The letter bears markings that are characteristic of one generated by a letter vendor.

25. In order to have the letter vendor send Plaintiff the letter Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

26. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

27. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

28. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

29. The communication(s) to the letter vendor Defendant was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

30. The communication(s) to the letter vendor disclosed the following things about the Plaintiff and the alleged debt.

      a.      the balance of the alleged debt.

      b.      the alleged delinquency status of the alleged debt.

      c.      the creditor to whom Defendant alleged the Debt was owed.

      d.      the account number for the alleged debt.

      e.      Plaintiff's name.

      f.      Plaintiff's home address.

      g.      That Defendant was a debt collector attempting to collect a debt from Plaintiff.

      h.      Sensitive medical information pertaining to Plaintiff.

31. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with the third party letter vendor or any other third-party mail vendor.

32. Upon information and belief, Defendant did not print the letter sent to Plaintiff about the account which is the subject of this case. The third-party mail vendor printed and sent the letter communication(s) to Plaintiff, using the above information supplied by Defendant.

33. The Consumer Financial Protection Bureau ("CFPB") is a Federal agency tasked with enforcing the FDCPA.

34. Pertinent here, section 1692c(b) of the FDCPA, titled "communication with third parties," provides that— Except as provided in section 1692b of this title, without the

prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b) (emphasis added).

35. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

36. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

37. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

38. The CFPB once conducted a survey. The survey indicated that "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors." See

https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collectionpractices-regulation-f#citation-749-p23396 at n. 749

39. These third-party mail vendors use information provided by debt collectors—such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

40. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

41. Upon information and belief, Defendant routinely communicates with, and provides protected information regarding consumer debts to, third-party mail vendors, in connection with the collection of a debt, that are not authorized to receive such information, in violation of the FDCPA.

42. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

43. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, the alleged creditor, and Plaintiff's name and address, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). See

Hunstein v. Preferred Collection & Mgmt. Servs., Inc., --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

44. The harm suffered by Plaintiff is particularized in that illegal communication related to her personal alleged debt.

45. The violation of Plaintiff's right not to have Plaintiff's private information shared with third parties is a concrete injury sufficient to confer standing.

46. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. See 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.") (emphasis added).

47. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading Plaintiff's privacy.

48. By communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about Plaintiff and the Debt.

49. Defendant breached its duties under the FDCPA through its failure to keep Plaintiff's personal financial information confidential and therefore intruded upon Plaintiff's privacy interests. See Todd v. Collecto, Inc., 731 F.3d 734, 738 (7th Cir. 2013).

## LIABILITY

50. All previous paragraphs of this complaint are incorporated by reference.

51. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s)' agents were acting within the scope of their employment with Defendant.

52. In the alternative, Defendant(s) is/ are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

53. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

54. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

55. Any mistake made by Defendant would have included a mistake of law.

56. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

57. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

58. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc.

59. Plaintiff demands $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

60. Plaintiff suffered some anger, frustration and emotional distress as a result of some of her medical information being transmitted to an unknown, unauthorized medical care provider.

61. For purposes of a default judgment, Plaintiff believes and avers that such anger, frustration and emotional distress has a dollar value of no less than $5,000.00.

## ATTORNEY FEES

62. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

63. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

64. Plaintiff believes and avers that such reasonable attorney fees amount to no less than $1,750.00 at a rate of $350.00 per hour. Services include but not limited to the following.

    a.    Consultation with client, review of file,    1

    b.    Drafting, editing, review, filing and service of complaint and related documents    2

    c.    Follow up with Defense and client    2

                                           5 x $350 per hour = $1,750

65. Plaintiff's attorney fees continue to accrue as the case move forward.

66. The above referenced attorney fees represent current fees as well as estimated reasonable future follow up.

## OTHER RELIEF

67. The previous paragraphs of this complaint are incorporated by reference.

68. Plaintiff also seeks an injunction against further unlawful collection activity.

69. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

70. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

71. Plaintiff specifically requests / demands a jury trial in this matter.

72. Plaintiff believes and avers that this case may have potential to become a class action where similarly situated Plaintiff may be able to join and recover, pursuant to Federal Rule of Civil Procedure 23 and other applicable law.

Wherefore, plaintiff demands judgment against defendant in the amount of $7,751.00, actual damages, statutory damages, attorney fees.  Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

/s/ Vicki Piontek                          8/29/2021

_____     _____
Vicki Piontek, Esquire                    Date
Attorney for Plaintiff
PA Bar ID No. 83559
58 East Front Street, Danville, PA.  17821
215-290-6444. Fax: 866-408-6735
vicki.piontek@gmail.com